UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDREA C.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C26-5509-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends that the administrative law judge ("ALJ") erred by discounting her testimony and several medical opinions. (Dkt. # 14.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 17.) Plaintiff filed a reply. (Dkt. # 18.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).[1]

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

## II. BACKGROUND

Plaintiff was born in 1979, has at least a high school education, and has no past relevant work. AR at 27. Plaintiff was last gainfully employed in 2016. *Id.* at 170.

In January 2024, Plaintiff applied for benefits, alleging disability as of August 1, 2023. AR at 18. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing in July 2025, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 18-29.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, that Plaintiff had severe impairments of schizoaffective disorder, depressive disorder, anxiety disorder, and post-traumatic stress disorder. AR at 21. Plaintiff could perform simple work without a production rate pace, occasionally interacting with supervisors and coworkers without performing tandem tasks. *Id.* at 23.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this

[2] 20 C.F.R. § 416.920.

standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV. DISCUSSION

### A. The ALJ Erred in Evaluating Medical Opinions

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

#### *1. David T. Morgan, Ph.D.*

In August 2023, Dr. Morgan examined Plaintiff and assessed her with marked limitations in maintaining punctual attendance without special supervision, performing routine tasks without special supervision, adapting to changes, awareness of normal hazards, asking simple questions or requesting assistance, communicating and performing effectively, maintaining appropriate behavior, completing a normal workday and work week, and realistic goal-setting and

independent planning. AR at 647. In February 2024, Dr. Morgan reexamined Plaintiff and assessed the same limitations, except an additional marked limitation in making simple decisions, and reducing goal-setting and planning to a moderate limitation. *Id.* at 580.

The ALJ found Dr. Morgan's 2024 opinion unpersuasive based on lack of support in his own examination findings and inconsistency with other examinations and Plaintiff's activities. AR at 26. Plaintiff contends the ALJ erred in discounting Dr. Morgan's 2024 opinion by failing to consider Dr. Morgan's 2023 examination findings, cherry-picking normal clinical observations while ignoring abnormal ones, and relying on daily activities that did not contradict the opinion. (Dkt. # 14 at 8-11.)

The ALJ cited Dr. Morgan's findings of depressed mood but normal speech, cooperation, affect, orientation, and ability to spell WORLD forwards but not backwards. AR at 26 (citing *id.* at 581-82). However, the ALJ inaccurately stated that Dr. Morgan found normal thought. *Id.* In both 2023 and 2024, Dr. Morgan found abnormal thought process and content, perception, memory, fund of knowledge, and concentration. *Id.* at 582. The ALJ did not explain how the mix of normal and abnormal findings failed to support Dr. Morgan's opinion.

The Commissioner argues that mental limitations can be discounted based on normal status findings. (Dkt. # 17 at 4.) But the cases the Commissioner cites all involved mental status findings that directly contradicted an opinion. *See, e.g.*, *Stiffler v. O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024) (opinion of extreme cognitive and social limitations directly contradicted by normal intelligence, concentration, memory, and judgment, and normal interactions and appropriate speech); *Woods*, 32 F.4th at 792-93 (marked and extreme limitations in memory and concentration contradicted by normal memory and concentration findings). Here, no direct

contradiction is apparent and the ALJ did not identify any. Lack of support was thus not a valid reason supported by substantial evidence to discount Dr. Morgan's opinion.

The ALJ found that the record as a whole reflected "normal to mild" objective mental findings. AR at 26; *see also id.* at 22 ("routinely unremarkable" mental status exams). Within the records the ALJ cites are numerous abnormal clinical findings.[3] *See, e.g.*, *id.* at 604 (unkempt, agitated speech/tone, did not make appropriate eye contact), 606 (slowed speech, constricted affect), 608 (appropriate eye contact when directly questioned but averted her eyes throughout the rest of the conversation), 616 (did not make appropriate eye contact), 621 (minimal eye contact), 623 (minimal eye contact, head down), 625 (upset, hunched over, angry and inappropriate behavior), 626 (limited eye contact), 627 (hunched, no eye contact), 629 (monotone, fixated on anxiety), 658 (unkempt, "below baseline," agitated speech/voice, no appropriate eye contact), 660 (slowed speech, constricted affect), 741 (appearance "below baseline," slowed speech, constricted affect), 756 (same), 767 (lack of eye contact), 814 (same), 816 (slowed speech, constricted affect), 956 (same). Given the mix of normal and abnormal clinical observations, and that the ALJ did not identify a direct conflict nor specify which findings he found most probative, rejecting Dr. Morgan's opinion based on overall normal to mild mental status findings was not supported by substantial evidence.

Finally, the ALJ discounted Dr. Morgan's opinion as inconsistent with Plaintiff's "wide range of daily activity[,]" citing "self-care, meal prep, household chores, socialization with family, online shopping, and attendance at social events." AR at 26. The ALJ asserted that Plaintiff testified she "has a daily routine (getting up, getting food, feeding and petting her cats, and watching TV and movies)." *Id.* Conflict with a claimant's activities may justify rejecting a

[3] The ALJ also cites some records from well before the alleged onset date, which are of unclear relevance. *See* AR at 883, 897, 904.

medical opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here, however, no conflict has been identified. The minimal activities cited do not contradict, for example, Dr. Morgan's opinion that Plaintiff would have marked difficulty maintaining attendance and completing a normal 40-hour work week, as there is no indication that Plaintiff did these activities anywhere close to 40 hours per week. *See, e.g.*, *Christine Rachelle B. v. Comm'r of Soc. Sec.*, 2024 WL 3064624, at *3 (W.D. Wash. June 20, 2024) (activities such as gardening, crocheting, and using public transportation did not contradict marked limitation in communicating effectively and maintaining appropriate behavior for 40 hours per week).

The Court concludes the ALJ erred in discounting Dr. Morgan's opinion.

*2. Dana Harmon, Ph.D.*

The ALJ and the parties cite the Administrative Record at 632-33 as Dr. Harmon's opinion. *See* AR at 26-27; dkt. # 14 at 12; dkt. # 17 at 8. This document appears to be a request from the Washington State Department of Social and Health Services for Dr. Harmon to review several medical reports, not Dr. Harmon's own report, because it has no "completion date." *See* AR at 632. Dr. Harmon's report is found in the record, however. *See id.* at 684-86 (completion date of 2/27/2024). On remand, the ALJ should assess Dr. Harmon's opinion.

*3. State Agency Consultant*

The ALJ discounted portions of the opinion of state agency consultant Gary N., Ph.D., which stated that Plaintiff could interact with others on a "superficial basis"; would have "occasional difficulties with adapting to change"; and would "not be able to set goals independently on a consistent basis[.]" AR at 284-85. The ALJ found this language "imprecise, not expressed in functional terms and not vocationally defined[.]" *Id.* at 26.

Plaintiff argues that these limitations are easily translated into functional terms: "superficial" means interactions "would be minimal or minor"; occasional means "up to 1/3 of the time she could adapt to change"; and not able means "'never' able to set goals." (Dkt. # 14 at 14.) However, Plaintiff fails to identify harmful error relating to adaptation and goal-setting. The RFC limits Plaintiff to "deal[ing] with changes in a routine work setting occasionally." AR at 23. And Plaintiff fails to identify any independent goal-setting required in the RFC or any of the jobs relied on at step five. It is Plaintiff's burden to establish harmful error. *See Shinseki*, 556 U.S. at 409.

The RFC limits Plaintiff to "occasional interactions with supervisors and coworkers in jobs that do not require tandem tasks." AR at 23. Plaintiff contends the ALJ harmfully erred by omitting "superficial" interactions from the RFC because superficial relates to the quality of interactions while occasional relates to quantity.[4] (Dkt. # 18 at 2.) The ALJ addressed the quality of the interactions by prohibiting jobs that require tandem tasks. Plaintiff asserts without explanation that "not in tandem" is a quantity limitation. (*Id.* at 4.) The Court disagrees. Tandem tasks require a meaningful, work-related interaction, which addresses quality, not quantity. Plaintiff fails to show harmful error in the ALJ's treatment of Dr. N.'s opinion.

**B. The ALJ Did Not Err in Evaluating Plaintiff's Testimony**

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th

---

[4] On reply, Plaintiff argues the three jobs the ALJ relied on at step five require "Taking Instructions/ Helping," which are "essential, not superficial, interactions[.]" (Dkt. # 18 at 5.) The Dictionary of Occupational Titles entries for these jobs list taking instructions and helping as "Not Significant," however. DOT 922.687-058, 754.687-010, 381.687-018.

Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

The ALJ discounted Plaintiff's testimony of disabling levels of auditory hallucinations, inability to leave home and interact with others, difficulty focusing and completing tasks, and mood problems. AR at 25. The ALJ cited improvement with treatment, overall mild objective findings, and conflict with daily activities. *Id.* at 24-25.

The ALJ rejected testimony of hearing voices daily because Plaintiff frequently denied hearing voices and did not regularly complain to treatment providers about hallucinations. AR at 24 (citing *id.* at 659, 690-768). Plaintiff denied hallucinations or hearing voices in treatment notes in July 2023, January 2024, May 2024, June 2024, September 2024, February 2025, and April 2025. *Id.* at 659-60, 740-41, 755-56, 816, 856, 949-50, 955-56. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt* , 53 F.4th at 498 (emphasis in original). Plaintiff argues that she "episodically" exhibited delusions, but does not point to any evidence in the record. (Dkt. # 14 at 16.) Substantial evidence supported the ALJ's rejection of Plaintiff's testimony of daily hallucinations.

The ALJ cited Plaintiff's social activities such as visiting with her boyfriend and grandmother, attending barbecues, seeing family for Thanksgiving and Christmas, and planning to attend a wedding, for which she was excited to get out of the house and dress up. AR at 25 (citing, *e.g.*, *id.* at 613, 963). The ALJ also noted Plaintiff's therapist and other providers routinely found neutral or normal mood and normal attention and memory, and Plaintiff testified she can follow and understand a movie. *Id.* at 22 (citing, *e.g.*, *id.* at 180, 606, 660, 762, 948,

952). This was substantial evidence supporting the ALJ's finding that Plaintiff's activities contradicted her testimony of disabling social, mood, and concentration limitations.

The Court concludes the ALJ did not err in discounting Plaintiff's testimony.

**C. Scope of Remand**

Plaintiff requests remand for an award of benefits. (Dkt. # 14 at 17.) Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Court may award benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) "the record has been developed thoroughly and is free of conflicts, ambiguities, or gaps"; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* at 1045, 1047. Even if these conditions are met, the Court has the discretion to remand for further proceedings where the record as a whole creates serious doubts about a claimant's disability status. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

The Court finds conflicts remain in the record that should be resolved by further administrative proceedings. For example, Dr. Morgan's improperly discounted opinion conflicts with other medical opinions that the ALJ found persuasive and are not challenged here. And Dr. Harmon's opinion, which was not assessed by the ALJ nor addressed by either party here, raises questions as to whether substance abuse contributed to Plaintiff's impairments. AR at 684-85. Even if all three steps were satisfied, the Court exercises its discretion to remand for further proceedings.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Dr. Morgan's opinion and evaluate Dr. Harmon's opinion, reassess the RFC if appropriate, and proceed to steps four and five if necessary.

Dated this 23rd day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge